IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

YOLANDA ALDERETE,

      Plaintiff,

v.                                                      No. CV 17-1127 CG

NANCY A. BERRYHILL,
Acting Commissioner of the
Social Security Administration,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Plaintiff Yolanda Alderete's *Motion to Reverse and Remand for a Rehearing With Supporting Memorandum* (the "Motion"), (Doc. 18), filed May 14, 2018; Defendant Commissioner Nancy A. Berryhill's *Brief in Response to Plaintiff's Motion to Reverse and Remand the Agency's Administrative Decision* (the "Response"), (Doc. 21), filed July 13, 2018; and Ms. Alderete's *Reply in Support of Plaintiff's Motion to Reverse and Remand for a Rehearing* (the "Reply"), (Doc. 22), filed July 27, 2018.

Ms. Alderete filed an application for disability insurance benefits on September 17, 2013, alleging disability beginning September 10, 2010. (Administrative Record "AR" 51). Ms. Alderete claimed she was limited in her ability to work due to diabetes type 2, neuropathy in her feet, vision issues, a broken collarbone, arthritis in her shoulder, and issues with her range of motion. (AR 188). Ms. Alderete's application was denied initially on September 19, 2014, and upon reconsideration on December 18, 2014. (AR 51). A request for a hearing was filed, and a hearing was held on September 1, 2016, before

Administrative Law Judge ("ALJ") James Bentley. (AR 69). Ms. Alderete and Bonnie Ward, an impartial vocational expert ("VE"), testified at the hearing, and David R. Mika, an attorney, represented Ms. Alderete at the hearing. (AR 69-90).

On November 2, 2016, the ALJ issued his decision, finding Ms. Alderete not disabled at any time between her alleged disability onset date through December 31, 2015, which is the date she was last insured. (AR 36). On December 16, 2016, Ms. Alderete requested review by the Appeals Council, (AR 171), and, on April 26, 2017 and May 1, 2017, Ms. Alderete submitted additional medical evidence to the Appeals Council, (AR 13-29). On September 25, 2017, the Appeals Council denied Ms. Alderete's request for review, making the ALJ's decision the Commissioner's final decision for purposes of this appeal. (AR 1-6).

Ms. Alderete, who is now represented by Michael Armstrong, raises the following arguments on appeal of the Commissioner's decision: (1) the Appeals Council failed to properly consider the medical evidence submitted after the hearing before the ALJ; (2) the ALJ failed to develop the record regarding Ms. Alderete's physical impairments due to fibromyalgia, and her mental impairments due to depression and anxiety; and (3) the ALJ failed to account for Ms. Alderete's subjective allegations of pain and other symptoms. (Doc. 18 at 12-26). The Court has reviewed the Motion, the Response, the Reply, and the relevant law. Additionally, the Court has meticulously reviewed the administrative record. Because the Appeals Council erred in failing to consider the additional evidence Ms. Alderete submitted, the Court finds that Ms. Alderete's Motion is well-taken and should be **GRANTED** and this case **REMANDED** for further proceedings.

**I.     Standard of Review**

The standard of review in a Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether the correct legal standards were applied. *Maes v. Astrue*, 522 F.3d 1093, 1096 (10th Cir. 2008); *Hamilton v. Sec'y of Health & Human Servs.*, 961 F.2d 1495, 1497-98 (10th Cir. 1992). If substantial evidence supports the Commissioner's findings and the correct legal standards were applied, the Commissioner's decision stands and the plaintiff is not entitled to relief. *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004); *Hamlin v. Barnhart*, 365 F.3d 1208, 1214 (10th Cir. 2004); *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003). The Commissioner's "failure to apply the correct legal standards, or show . . . that she has done so, are also grounds for reversal." *Winfrey v. Chater*, 92 F.3d 1017, 1019 (10th Cir. 1996) (citing *Washington v. Shalala*, 37 F.3d 1437, 1439 (10th Cir. 1994)). A court should meticulously review the entire record but should neither re-weigh the evidence nor substitute its judgment for the Commissioner's. *Langley*, 373 F.3d at 1118; *Hamlin*, 365 F.3d at 1214. A court's review is limited to the Commissioner's final decision, 42 U.S.C. § 405(g), which is generally the ALJ's decision, rather than the Appeals Council's denial of review. *O'Dell v. Shalala*, 44 F.3d 855, 858 (10th Cir. 1994).

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Langley*, 373 F.3d at 1118; *Hamlin*, 365 F.3d at 1214; *Doyal*, 331 F.3d at 760. An ALJ's decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting" it. *Langley*, 373 F.3d at 1118; *Hamlin*, 365 F.3d at 1214.

While the Court may not re-weigh the evidence or try the issues *de novo*, its examination of the record must include "anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005). "The possibility of drawing two inconsistent conclusions from the evidence does not prevent [the ALJ]'s findings from being supported by substantial evidence." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citing *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

## II.   Applicable Law and Sequential Evaluation Process

For purposes of supplemental security income and disability insurance benefits, a claimant establishes a disability when she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A) (2015), 42 U.S.C. § 1382c(a)(3)(A) (2004); 20 C.F.R. §§ 404.1505(a), 416.905(a) (2012). In order to determine whether a claimant is disabled, the Commissioner follows a five-step sequential evaluation process ("SEP"). *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520, 416.920 (2012).

At the first four steps of the SEP, the claimant bears the burden of showing: (1) she is not engaged in "substantial gainful activity"; (2) she has a "severe medically determinable . . . impairment . . . or a combination of impairments" that has lasted or is expected to last for at least one year; and either (3) her impairment(s) meet or equal one of the "Listings"[1] of presumptively disabling impairments; or (4) she is unable to perform her "past relevant work." 20 C.F.R. §§ 404.1520(a)(4)(i-iv), 416.920(a)(4)(i-iv);

---

[1] 20 C.F.R. pt. 404, subpt. P, app. 1.

4

see *Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005). If the ALJ determines the claimant cannot engage in past relevant work, the ALJ will proceed to step five of the evaluation process. At step five the Commissioner must show the claimant is able to perform other work in the national economy, considering the claimant's residual functional capacity ("RFC"), age, education, and work experience. *Grogan*, 399 F.3d at 1261.

### III. Background

Ms. Alderete applied for disability insurance benefits due to diabetes type 2, neuropathy in her feet, vision issues, a broken collarbone, arthritis in her shoulder, and issues with her range of motion. (AR 188). At step one, the ALJ determined that Ms. Alderete met the insured status requirements through December 31, 2015, and found that she had not engaged in substantial gainful activity from September 10, 2010, the alleged onset date, through the date she was last insured. (AR 53). At step two, the ALJ concluded that Ms. Alderete was severely impaired by: insulin-dependent type II diabetes mellitus, polyneuropathy, minor degenerative changes of the lumbar spine, plantar fascial fibromatosis, pre-ulcerative calluses, and obesity. (AR 53-55). At step three, the ALJ determined that none of Ms. Alderete's impairments, solely or in combination, equaled one of the listed impairments in 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526. (AR 55-56).

At step four, the ALJ found that, through the date she was last insured, Ms. Alderete had the RFC to perform less than the full range of sedentary work as defined in 20 C.F.R. § 404.1567(b). (AR 57). The ALJ additionally found that Ms. Alderete can: lift and/or carry 10 pounds occasionally and less than 10 pounds frequently; stand and/or

5

walk for about two hours of an eight-hour workday; sit for about six hours of an eight-hour workday; occasionally climb ramps and stairs, but never ladders, ropes, or scaffolds; and occasionally kneel, crouch, and crawl. *Id.* The ALJ further limited Ms. Alderete to work where she is "able to avoid ordinary workplace hazards, such as boxes on the floor, doors left ajar, and approaching vehicles," and where she has a sit/stand option with no more than one change in position every half hour. *Id.*

In formulating Ms. Alderete's RFC, the ALJ stated that he considered Ms. Alderete's symptoms and the extent to which those symptoms can reasonably be accepted as consistent with objective medical and other evidence, as required by 20 C.F.R. § 404.1529 and Social Security Ruling ("SSR") 96-4p. *Id.* The ALJ also stated that he considered opinion evidence in accordance with 20 C.F.R. § 404.1527 and SSRs 96-2p, 96-5p, 96-6p, and 06-3p. *Id.* The ALJ found that Ms. Alderete's statements concerning the intensity, persistence and limiting effects of her symptoms are not entirely consistent with the evidence in the record. (AR 60). Specifically, the ALJ stated that, while Ms. Alderete testified she had disabling limitations due to diabetes, vision problems, dizziness, and her shoulder, treatment notes from August 2015 show her glucose level had improved, she was walking daily, her vision had improved and she had no visual complications from her diabetes, and she rarely complained of dizziness. *Id.* The ALJ further noted that Ms. Alderete stated she can fix her hair without difficulty, which is not consistent with her reported shoulder limitations, and that Ms. Alderete's report that she could not drive did not occur until after the date she was last insured. *Id.*

In considering the medical opinion evidence, the ALJ stated that he gave great weight to the opinions of the state agency consultative examiner Elizabeth Greig, M.D.,

6

because she is an acceptable medical source who conducted a detailed examination of Ms. Alderete, and her opinions are supported by those findings. (AR 61). The ALJ next stated he gave "diminished weight" to the opinions of the state agency consultative physicians who found that Ms. Alderete had no severe physical impairments. *Id.* The ALJ reasoned that these consultants did not examine Ms. Alderete, and they disregarded Dr. Greig's medical source statement which indicated Ms. Alderete is unable to lift more than 10 to 15 pounds and is unable to stand for long periods of time. (AR 61-62).

The ALJ found that Ms. Alderete is unable to perform any of her past relevant work, so the ALJ proceeded to step five. (AR 62). At step five, the ALJ noted that Ms. Alderete was 47 years old on the date she was last insured, which is defined as "a younger individual" in accordance with the Regulations. *Id.* The ALJ also determined that Ms. Alderete has at least a high school education and is able to communicate in English. *Id.* The ALJ noted that the VE testified at the hearing that an individual with Ms. Alderete's same age, education, work experience, and RFC could perform the jobs of food and beverage order clerk, document preparer, and touch-up screener. (AR 62-63). After finding the VE's testimony consistent with the Dictionary of Occupational Titles, the ALJ adopted the VE's testimony and concluded that, because Ms. Alderete is capable of performing work existing in significant numbers in the national economy, she is not disabled pursuant to 20 C.F.R. § 404.1520(g). (AR 63).

## IV. Analysis

In her Motion, Ms. Alderete argues: (1) the Appeals Council failed to properly consider evidence submitted after the hearing before the ALJ; (2) the ALJ failed to

7

develop the record regarding Ms. Alderete's physical impairments due to fibromyalgia and her mental impairments due to depression and anxiety; and (3) the ALJ failed to account for Ms. Alderete's subjective allegations of pain and other symptoms. (Doc. 18 at 12-26). The Commissioner responds that the Appeals Council reasonably found the new evidence did not provide a basis for changing the ALJ's decision. (Doc. 21 at 5-9). The Commissioner further contends the ALJ adequately developed the record and properly considered Ms. Alderete's credibility. *Id.* at 9-14.

   A.  *The ALJ's Consideration of New Evidence*

On April 26, 2017, Ms. Alderete's counsel submitted to the Appeals Council a Consultative Examination/Impairment Rating report, a Medical Assessment of Ability to do Work-Related Activities (Physical), a Medical Assessment of Ability to do Work-Related Activities (Non-Physical), and a Medical Assessment of Ability to do Work-Related Activities (Mental), all by John Vigil, M.D. and dated after the ALJ's decision. (AR 16-29). In these assessments, Dr. Vigil opined that Ms. Alderete had numerous moderate and marked physical and mental limitations. *Id.* On May 1, 2017, Ms. Alderete's counsel submitted to the Appeals Council a letter from Norah Walsh, M.D., which concurred with Dr. Vigil's findings and conclusions. (AR 13-14). In the Appeals Council's review of the ALJ's decision, it stated the additional evidence from Dr. Vigil and Dr. Walsh "does not relate to the period at issue," and therefore does not affect the decision about whether Ms. Alderete was disabled on or before the date she was last insured. (AR 2).

Ms. Alderete contends the Appeals Council was required to consider Dr. Vigil's and Dr. Walsh's opinions because they constitute evidence that is new, material, and

chronologically pertinent. (Doc. 18 at 12-17). In response, the Commissioner does not dispute that the additional evidence is new or chronologically pertinent. However, the Commissioner argues the additional evidence is not material because Dr. Vigil's opinions are not supported by the evidence in the record. (Doc. 21 at 5-9).

Additional evidence should be considered by the Appeals Council if it is new, material, and chronologically pertinent. 20 C.F.R. § 404.970(b), *Chambers v. Barnhart*, 389 F.3d 1139, 1142 (10th Cir. 2004). Evidence is new "if it is not duplicative or cumulative," and is material "if there is a reasonable possibility that it would have changed the outcome." *Threet v. Barnhart*, 353 F.3d 1185, 1191 (10th Cir. 2003) (citation omitted). Evidence is chronologically pertinent if it relates to the time period on or before the ALJ's decision. *Id.* The Tenth Circuit has repeatedly held that whether evidence is new, material, and chronologically pertinent, is a question of law subject to de novo review. *See, e.g., Krauser v. Astrue*, 638 F.3d 1324, 1328 (10th Cir. 2011); *Chambers*, 389 F.3d at 1142. If the additional evidence qualifies as new, material, and chronologically pertinent, but the Appeals Council did not consider it, the case should be remanded so that the Appeals Council may reevaluate the ALJ's decision in light of the complete evidence. *Chambers*, 389 F.3d at 1142.

1. *Whether the Additional Evidence is New*

Dr. Vigil conducted a consultative examination of Ms. Alderete on April 12, 2017, and assessed that she has moderately severe depression and anxiety and is significantly limited in her physical abilities. (AR 21). On April 26, 2017, Dr. Vigil prepared a Medical Assessment regarding Ms. Alderete's physical limitations, in which he found she: is unable to lift or carry any weight due to severe chronic pain; can sit,

stand, and walk less than thirty minutes in an eight-hour workday; requires the use of an assistive device to ambulate, balance, or reduce pain; is unable to use her hands to push or pull; and is unable to operate foot controls, climb stairs and ramps, balance, stoop, kneel, or crouch. (AR 23-24).

Also on April 26, 2017, Dr. Vigil completed Medical Assessments regarding Ms. Alderete's non-physical and mental limitations, in which he found that Ms. Alderete was moderately limited in her abilities to: perform activities within a schedule; maintain regular attendance and be punctual; work in coordination with or proximity to others without being distracted by them; interact appropriately with the general public; respond appropriately to criticism from supervisors; get along with coworkers or peers; maintain socially appropriate behavior; respond appropriately to changes in the workplace; be aware of normal hazards and take precautions; and set realistic goals or make plans independently of others. (AR 25-27). In addition, Dr. Vigil found Ms. Alderete was markedly limited in her abilities to: maintain attention and concentration for extended periods; complete a normal workday and workweek without interruptions; perform at a consistent pace without an unreasonable number and length of rest periods; remember locations and work-like procedures; and understand, remember, and carry out detailed instructions. *Id.* On April 28, 2017, Dr. Walsh stated she reviewed Dr. Vigil's reports and she concurs with his findings and conclusions regarding Ms. Alderete's conditions. (AR 14). Ms. Alderete's counsel submitted Dr. Vigil's and Dr. Walsh's opinions to the Appeals Council on April 26, 2017, and May 1, 2017, respectively.

Evidence submitted to the Appeals Council is new "if it is not duplicative or cumulative" of other evidence in the record. *Threet*, 353 F.3d at 1191. Here, Dr. Vigil's

findings regarding Ms. Alderete's non-physical limitations are not duplicative or cumulative of other evidence because there are no other medical opinions in the record regarding her non-physical limitations. In addition, while state agency examiner Dr. Greig opined that Ms. Alderete had limitations in her abilities to sit, walk, lift, and reach, her findings are much less restrictive than Dr. Vigil's findings regarding Ms. Alderete's physical limitations. *Compare* (AR 295-97) *with* (AR 23-24). Therefore, the Court finds that the additional evidence qualifies as new because it is not duplicative or cumulative of other evidence in the record.

### 2. *Whether the Additional Evidence is Material*

Next, the Court must determine whether the additional evidence is material. Ms. Alderete contends the evidence is material because the ALJ's RFC determination did not include all of the physical and non-physical limitations assessed by Dr. Vigil. (Doc. 18 at 14-15). Therefore, Ms. Alderete argues there is a reasonable possibility that Dr. Vigil's opinions would have changed the outcome of the ALJ's decision. *Id.*

In response, the Commissioner contends Dr. Vigil's findings would not have changed the outcome of the ALJ's decision because they are not supported by the evidence in the record. (Doc. 21 at 5-9). The Commissioner argues there is only "scant" evidence in the record supporting a finding that Ms. Alderete suffered from anxiety or depression, such as normal mental status examinations, Ms. Alderete's report that she rarely took medication prescribed for her mental symptoms, and function reports indicating a lack of mental health symptoms. *Id.* at 7-8. In addition, the Commissioner argues Dr. Vigil's findings of physical limitations are contradicted by Dr. Greig's findings

11

regarding Ms. Alderete's abilities to sit, stand, walk, and reach, and by other evidence in the record. *Id.* at 8-9.

Evidence submitted after the ALJ's decision is material to the determination of disability "if there is a reasonable possibility that [it] would have changed the outcome." *Threet*, 353 F.3d at 1191. Here, the ALJ's RFC determination does not include any non-physical limitations, and the limitations assessed by Dr. Vigil involve mental abilities that are needed for any job. *See* Social Security Administration Program Operations Manual System, POMS § 25020.010(B)(2)(a) (providing that "Mental Abilities Needed For Any Job" include the ability to: maintain concentration and attention for extended periods; perform activities within a schedule, maintain regular attendance, and be punctual; and work in coordination with or proximity to others). Therefore, Dr. Vigil's opinions call into question the ALJ's RFC determination because, if adopted, they would impose greater limitations on Ms. Alderete's abilities to do work-related mental activities.

Similarly, Dr. Vigil's findings of physical limitations are not reflected in the ALJ's determination. Specifically, the ALJ found that Ms. Alderete can lift and/or carry 10 pounds occasionally and less than 10 pounds frequently; stand and/or walk for about two hours of an eight-hour workday; sit for about six hours of an eight-hour workday; occasionally climb ramps and stairs; and occasionally kneel, crouch, and crawl. (AR 57). Dr. Vigil's opinions, however, directly contradict these findings, and would impose significantly greater limitations on Ms. Alderete's abilities. Therefore, as with the non-physical limitations, Dr. Vigil's opinions call into question the ALJ's RFC determination.

The Commissioner contends the evidence submitted to the Appeals Council is not material because it is not supported by other evidence in the record. (Doc. 21 at 7-

9). In *Vallejo v. Berryhill*, 849 F.3d 951 (10th Cir. 2017), the Tenth Circuit held that when a claimant submits new evidence to the Appeals Council and the Appeals Council accepts and considers it, that evidence becomes a part of the record to be considered by the Court in performing a substantial evidence review. *Id.* at 955. However, in this case, the Appeals Council did not accept the new evidence in denying Ms. Alderete's request to review the ALJ's decision. (AR 2). Thus, the question before the Court is whether the Appeals Council should have accepted the evidence, not whether the evidence is supported by the record. *See Padilla v. Colvin*, 525 Fed. Appx. 710, 712, n.1 (10th Cir. May 9, 2013) (unpublished) (distinguishing the questions before the court when the Appeals Council rejects additional evidence in denying review and when the Appeals Council accepts and considers evidence in denying review). Therefore, because the Appeals Council did not accept the new evidence, it would be improper for this Court to perform a substantial evidence review of the ALJ's decision by evaluating new evidence that was rejected and not considered below. *See Chambers*, 389 F.3d at 1143 (explaining the Appeals Council "has the responsibility to determine in the first instance whether, following submission of additional, qualifying evidence, the ALJ's decision is contrary to the weight of the evidence currently of record"), and *Threet*, 353 F.3d 1191 (explaining that, if the Appeals Council fails to consider qualifying new evidence, the case should be remanded so the Appeals Council may reevaluate the ALJ's decision in light of the complete evidence).

Because Dr. Vigil's findings were not reflected in the ALJ's RFC determination, there is a reasonable possibility that the additional evidence would have changed the

outcome of Ms. Alderete's claim. Therefore, the Court finds that the evidence submitted to the Appeals Counsel is material.

### 3. *Whether the Additional Evidence is Chronologically Pertinent*

Finally, the Court must determine whether the additional evidence is chronologically pertinent. The Tenth Circuit has explained that evidence submitted to the Appeals Council is chronologically pertinent (or "temporally relevant") when it relates to the time period on or before the ALJ's decision. *Chambers*, 389 F.3d at 1142. The Tenth Circuit has further held that newly submitted evidence is chronologically pertinent if it corroborates a prior diagnosis or a claimant's hearing testimony, and the evidence need not pre-date the ALJ's decision. *Padilla*, 525 Fed. Appx. at 713.

Here, Dr. Vigil examined Ms. Alderete and prepared his assessments after the ALJ's November 2, 2016, decision. Nevertheless, Dr. Vigil stated he considered the records from several of Ms. Alderete's medical providers which were dated prior to the ALJ's decision, and Dr. Vigil stated that Ms. Alderete's limitations affected her ability to work "from at least 2015." (AR 18-22). In addition, the evidence in the record shows that Ms. Alderete was diagnosed with depression in 2009 and with anxiety in 2014, and was prescribed medication for severe anxiety. *See* (AR 427, 465-66, 470-71, 484-86). Therefore, because the additional evidence relates to the time period on or before the ALJ's decision and corroborates prior diagnoses, the Court finds the evidence is chronologically pertinent.

### V. Conclusion

For the reasons stated above, the Court finds that the evidence submitted to the Appeals Council was new, material, and chronologically pertinent. Therefore, the

Appeals Council erred by not considering it. The Court will not address the other errors alleged by Ms. Alderete at this time in order to allow the Appeals Council the first opportunity to evaluate the ALJ's decision in light of the complete record.

**IT IS THEREFORE ORDERED** that Ms. Alderete's *Motion to Reverse and Remand for a Rehearing With Supporting Memorandum*, (Doc. 18), is **GRANTED**, and this case is **REMANDED** to the Commissioner for further proceedings.

_____
THE HONORABLE CARMEN E. GARZA
CHIEF UNITED STATES MAGISTRATE JUDGE